UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-22335-CIV-HUCK/SIMONTON

COMCAST CABLE COMMUNICATIONS,
LLC., a Delaware limited liability company,
COMCAST CABLE COMMUNICATIONS
HOLDINGS, LLC, a Delaware limited
liability company, and COMCAST CABLE
COMMUNICATIONS MANAGEMENT,
LLC., a Delaware limited liability company

    Plaintiffs,

v.

BEST CABLE SUPPLY, INC., an active
Florida corporation, VEGA ENTERPRISE,
INC., an active Florida corporation,
HUMBERTO VEGA A/K/A BERT VEGA,
individually, JOEL VEGA, individually,
JOHN ZALDIVAR, individually,
PATRICIA CHAVES, individually, LUIS
BERMUDEZ, individually and PEDRO
CANCIO, individually,

    Defendants,

**CLOSED CIVIL CASE**

### ORDER GRANTING AGREED MOTION FOR PERMANENT INJUNCTION AND ORDER OF DISMISSAL

**NOW, THEREFORE,** pursuant to the power granted by 18 U.S.C. § 1964(a), and upon consideration of the parties' Agreed Motion for Permanent Injunction and Order of Dismissal, it is hereby,

**ORDERED AND DECREED** that the Defendants, and each of their present and future servants, agents, officers, directors, employees, successors, assigns, affiliates and persons and/or entities acting on their behalf or acting in concert or participation with any of them are hereby permanently enjoined and restrained from selling, offering for sale, advertising for sale,

Dockets.Justia.com

distributing, transferring, importing, exporting, assembling, modifying, purchasing, obtaining, storing, using or possessing any and all stolen Cable Equipment. The cable equipment covered by this injunction includes, without limitation, any type of equipment utilized in the cable television services industry including but not limited to amplifiers, nodes, power supplies, etc. (collectively, "Cable Equipment"). The Defendants and each of their present and future servants, agents, officers, directors, employees, successors, assigns, affiliates and persons and/or entities acting on Defendants' behalf or acting in concert or participation with the Defendants are hereby further permanently enjoined and restrained from assisting others in any way to sell, offer for sale, advertise for sale, distribute, transfer, import, export, assemble, modify, purchase, obtain, store, use or possess any stolen Cable Equipment.

Defendants, and each of their present and future servants, agents, officers, directors, employees, successors, assigns, affiliates and persons and/or entities acting on their behalf or acting in concert or participation with any of them also represent and warrant that whenever they come in contact in any way with any Cable Equipment identified on the list attached to the parties Settlement Agreement, that they shall within three (3) business days contact the Authorized Representative at Comcast in Florida by fax and provide the Authorized Representative with any and all serial numbers, model numbers, cable company tags, and any other identifying marks on the cable equipment from these manufacturers, and provide the Authorized Representative with three (3) full business days in which to inform Defendants whether the cable equipment so identified is cable equipment that is the property of Comcast or not. Comcast may update this list from time to time by sending notification to the Defendants at the contact noted in the parties Settlement Agreement. Comcast will provide Defendants with the Authorized Representative contact information to the contact person for Defendants identified in the Notice Section in the parties Settlement Agreement, which Authorized Representative may

change from time to time. In the event that Comcast identifies any such cable equipment as the property of Comcast, the Defendants will allow Comcast to retrieve this cable equipment from their business location in Miami, Florida, and will also provide Comcast with any and all information regarding the source of the Comcast property, including but not limited to the name, address, telephone number and any other contact information for the individual or business entities that provided the cable equipment to the Defendants. The Defendants further agree to cooperate in any subsequent investigation or legal proceeding which relates to the cable equipment identified as belonging to Comcast. In the event that it is discovered that the Defendants failed to timely provide Comcast with notification of the serial numbers of the above referenced Cable Equipment the Defendants agree to pay Comcast the liquidated sum of Five Thousand dollars and 00/100 cents ($5,000.00) for each piece of such Cable Equipment later determined to be in their possession, custody or control; and

**IT IS FURTHER ORDERED AND DECREED** that this matter is dismissed without prejudice with leave to reinstate for sixty (60) days (or until _May 19_, 2008), both sides to bear its own costs and attorneys fees. Upon the expiration of the sixty (60) day period, and the matter not having been reinstated, the dismissal shall automatically be converted to a dismissal with prejudice, and

**IT IS FURTHER ORDERED AND DECREED** that the Court shall retain jurisdiction for the purpose of enabling any of the parties to apply to the Court at any time to enforce compliance with any aspect of the Settlement Agreement between the parties, including the above-mentioned injunction and representations made by Defendants.

**DONE** and **ORDERED** in Chambers at Miami, Florida, this _18_ day of March, 2008.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to: